DAVID F. PAGE and another *vs.* WASHINGTON GILBERT.

*Indorser—notice to—what sufficient.*

A notice to an indorser merely informing him of the non-payment of the note and demanding payment of him, without stating in substance that payment has been demanded of the maker, or giving any legal excuse for not demanding it of him, is insufficient to charge the indorser.

A statement in the official certificate of the notary that he 'delivered notice of the non-payment of said note to' the indorser, naming him, 'demanding payment of him,' is insufficient to charge the indorser.

ON REPORT.

ASSUMPSIT against the indorser of a negotiable promissory note, of the following tenor:

$1,650.                         BATH, April 1, 1867.

Four months after date, I promise to pay to the order of Washington Gilbert, sixteen hundred and fifty dollars, value received, payable at my counting-room, in Bath.

(Signed)                         B. C. SEWALL.

Indorsed: W. GILBERT.

Protested for non-payment. Notice to indorser, Aug. 3, 1867.

JOHN SHAW, *N. P.*

The indorsement and death of John Shaw, notary public, were admitted.

The plaintiff introduced in evidence subject to objection, a copy of the notarial protest, duly signed, as follows:

### NOTARIAL COPY.

$1,650.                                          BATH, April 1, 1867.

Four months after date, I promise to pay to the order of Washington Gilbert, sixteen hundred and fifty dollars, value received, payable at my counting-room, in Bath.          B. C. SEWALL.

Indorsed: W. GILBERT. . . .

### STATE OF MAINE.

Sagadahoc, ss.   City of Bath.   On this third day of August, A. D. 1867, I, John Shaw, notary public, by legal authority, admitted and sworn, and dwelling in the city of Bath, at the request of Henry Eames, cashier, went with the original note, of which the foregoing is a true copy, the time limited and grace having elapsed (to-morrow being the Lord's day) to the counting-room of B. C. Sewall (could not find him, he being out of the city) and presented said note to his clerk, and demanded payment, which he refused for want of funds.   Delivered notice of the non-payment of said note to Washington Gilbert, demanding payment of him.

Also delivered notice of the non-payment of said note to the other indorsers, Henry Eames, esq., cashier of Sagadahoc bank, requiring payment of them.

Wherefore, I, the said notary, at the request aforesaid, have protested, and by these presents do solemnly protest against the drawer of said note, and all others concerned therein, for exchange, re-exchange, and all costs, charges, damages, and interest suffered and sustained, or to be suffered and sustained, by reason or in consequence of the non-payment of said note, etc.

(Signed)                        * * * *

STATE OF MAINE.

Sagadahoc, ss.    Supreme Judicial Court.    Clerk's Office, Bath.

I hereby certify that the foregoing is a true copy from the records of the late John Shaw, esq., a notary public, now on file in this office.

Witness my hand and the seal of the supreme judicial court, at Bath, this twenty-seventh day of November, A. D. 1871.

[L. S.]                                    Jos. M. Hayes, *Clerk.*

Plaintiffs rested.

The defendant, called by his counsel, testified *inter alia.* That he indorsed the note in suit, for the accommodation of the maker, having no interest in the transaction, and made memorandum thereof in his note-book; and that he cannot testify that he was notified on the note.

On cross-examination: Sewall lived in Bath in 1867; was in business and had a counting-room there. Cannot state from recollection that he was notified, but supposed until his return to Bath the other day, that he had never been notified; and that he resided in Bath Aug. 3, 1867.

The full court to render judgment upon the law and legal evidence.

*L. Clay,* for the plaintiffs.

Legitimate inference from the notary's statement that he ' delivered notice,' etc., is, that the notice was in writing; but whether verbal or written, it is *prima-facie* sufficient.

The defendant does not absolutely deny, but testifies that he cannot state from recollection that he was notified.

Verbal notice is sufficient to an indorser residing in the town when the note is payable. *Bank* v. *Stackpole,* 41 Maine, 321; *Bank* v. *Wood,* 49 Maine, 26.

The facts stated in the notarial protest are sufficient to charge the defendant. *Bank* v. *Leonard,* 43 Maine, 144; *Pattee* v. *McCrillis,* 53 Maine, 410; Story on Prom. Notes, 373, 374.

The certificate of the notary under his hand and seal, is legal ev-

idence of the facts therein contained. R. S., c. 32, § 4; *Pattee* v. *McCrillis, Sup.*

*Gilbert, pro se.*

1. The defendant is bound to no more than he undertook; and his contingent liability is to be made absolute only by method of the law.

2. The notarial protest is fatally defective. It does not specify presentment within hours. Nor at the proper place; does not state where the counting-room was.

3. Does not show proper notice. No averment of time of notice. Does not identify the defendant as notified. Does not convey information as to the dishonor of the note. *Tindal* v. *Brown*, 1 T. R. 169; *Hartley* v. *Case*, 4 Barn. & Cres. 339; *Solarte* v. *Palmer*, 7 Bing. 530; *Bolton* v. *Welsh*, 3 Bing. N. C. 688; *Phillips* v. *Gould*, 8 C. & P. 355; *Strange* v. *Price*, 10 Adolph. & Ellis, 125; *Messenger* v. *Southey*, 1 Man. & Go. 76; *Gilbert* v. *Dennis*, 3 Met. 495; *Pinkham* v. *Macy*, 9 Met. 174; *Ransom* v. *Mack*, 2 Hill. 588; *Wynn* v. *Alden*, 4 Deuio. 163; *Dole* v. *Gold*, 5 Barb. 490; *Van Hausen* v. *Alslyne*, 3 Wend. 75; *Bank of Utica* v. *Webster*, 21 Wend. 643; *Remer* v. *Downer*, 23 Wend. 620; *Spencer* v. *Bank of Salina*, 3 Hill. 520; Story on Prom. Notes, §§ 348, 351; *Mills* v. *Bank of U. S.*, 11 Wheaton, 431; Story on Prom. Notes, § 350.

WALTON, J. A notice to the indorser of a note, which merely informs him of the non-payment of the note, and demands payment of him, without stating that payment has been demanded of the maker, or giving any legal excuse for not demanding it of him, is not sufficient to charge the indorser. *Littlehale* v. *Mayberry*, 43 Maine, 264; *Union Bank* v. *Humphreys*, 48 Maine, 172; *Pinkham* v. *Macy*, 9 Met. 174; *Gilbert* v. *Dennis*, 3 Met. 495.

The notice should state whether or not the note has been presented to the maker for payment; and if not, why not. The indorser has a right to be informed of those facts on which his liability depends, to the end that he may judge for himself whether or

not it is his duty to pay the note. A notice, which merely states that the note has not been paid, without stating whether or not it has been presented for payment, or giving any excuse for not presenting it, is not sufficient; for such a notice may be strictly true in every particular, and yet the indorser not be liable. When the official certificate of a notary public states that he 'duly' notified the indorser, it is sufficient *prima-facie*, to charge the indorser; because the notary could not properly say he had 'duly' notified him, unless he had given him notice of a demand as well as of non-payment of the note. *Bank* v. *Leonard*, 43 Maine, 144; *Pattee* v. *McCrillis*, 53 Maine, 410.

But when the certificate does not use the words 'duly notified,' nor any equivalent words, but simply states the naked fact that the indorser was notified of the non-payment of the note, without stating whether or not it had been presented for payment, and gives no excuse for not presenting it, there is no ground for inference, and the court cannot properly decide that the indorser was notified of any other fact than that stated in the certificate.

In the case now before us, the only evidence of notice to the indorser is the statement of the notary that he 'delivered notice of the non-payment of said note to Washington Gilbert, demanding payment of him.' He does not state whether or not the note had been presented for payment. Nor does he give any excuse for not thus presenting it. Nor does he say that he 'duly' notified the indorser. Nor does he use any equivalent word or phrase. There is nothing from which the court can find that the indorser was notified of any other fact than the non-payment of the note, and that he was looked to for payment. Such a notice would be clearly insufficient. Every word of it might be true, and yet the indorser not be liable. *Judgment for defendant.*

KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.